IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENITO M., a Minor, and VERONICA M., Individually and as Guardian and Next Friend of BENITO M., <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF EDUCATION OF THE CITY OF CHICAGO, DISTRICT 299, <br><br> Defendant. | Civil Action No.: 07 C 5950 <br><br> Suzanne B. Conlon, Judge |

**MEMORANDUM OPINION AND ORDER**

Benito M. and his guardian Veronica M. ("plaintiffs"), sue the Board of Education of the City of Chicago, District 299, for attorney's fees and costs pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415. The parties cross-move for summary judgment. For the reasons set forth below, plaintiffs' motion is granted in part, and the Board of Education's motion is denied.

**I.   SUMMARY JUDGMENT STANDARD**

On cross-motions for summary judgment, each movant must satisfy Fed. R. Civ. P. 56's requirements. *Cont'l Cas. Co. v. Northwestern Nat'l Ins. Co.*, 427 F.3d 1038, 1041 (7th Cir. 2005). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Adelman-Reyes v. Saint Xavier Univ.*, 500 F.3d 662, 665 (7th Cir. 2007). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable

inferences in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986); *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995). Each movant has the burden of establishing there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant satisfies this burden, the non-movant must set forth specific facts supported by admissible evidence that establish a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.

## II. BACKGROUND UNCONTESTED FACTS

Benito is a 9-year old boy who resides in Chicago School District No. 299. Pls. Facts ¶ 1. The Board of Education is responsible for providing a free and appropriate education to all special needs children residing in District No. 299. Def. Facts ¶ 5. Benito has a speech/language impairment. Pls. Facts ¶ 7. In pre-school, Benito was declared eligible for special education services. *Id.* However, when Benito completed second grade, he remained unable to read and could not recognize all alphabet letters. *Id.*

On June 29, 2006, plaintiffs, through their attorney Michael O'Connor, requested an impartial due process hearing to redress the Board of Education's failure to provide Benito with a free and appropriate public education under the IDEA. Def. Facts ¶ 6. Plaintiffs requested:

(1) a private therapeutic day school placement at public expense;

(2) reimbursement for independent educational evaluations in areas of identified need;

(3) related services in sufficient intensity to allow Benito access to educational opportunity;

(4) speech/language compensatory services for 30 minutes per week for two years;

2

(5) occupational therapy compensatory services for 30 minutes per week for two
years;

(6) tutoring for 2 hours per week outside of school hours by a special education
teacher with a level 1 Wilson Reading certification; and

(7) an individualized education plan ("IEP") meeting that would consider the
results of evaluations and implement relief.

*Id.*

On October 17, 2006, counsel for the Board of Education sought to settle the dispute by providing Benito:

(1) separate day school private placement with transportation through the 2007-08
school year;

(2) an assistive technology evaluation to be completed within 30 days of signed
consent and an IEP meeting to consider the results;

(3) an IEP meeting to implement the change in placement to a separate day school
within three weeks.

*Id.* ¶ 9. Veronica M. rejected the offer and in December 2006 unilaterally placed Benito in Hyde Park Day School, a private therapeutic day school. *Id.* ¶ 14; Pls. Facts ¶ 13.

The due process hearing began on November 6, 2006, and continued over seven days, concluding on June 11, 2007. The hearing officer issued a decision on June 29, 2006, finding that:

(1) the Board of Education denied Benito a free and appropriate public education
under the IDEA from June 29, 2004 until December 2006;

(2) the Board of Education must reimburse Veronica M. for tuition and
transportation costs to Hyde Park Day School from December 2006 through the
end of the 2006-07 year;

3

(3) the Board of Education must convene an IEP meeting to conclude no later than two weeks prior to the start of the 2007-08 school year, followed by an IEP utilizing recommendations from a central auditory processing evaluation, assistive technology assessment, and other evaluations, to determine an appropriate public or private placement for Benito; and

(4) the Board of Education must provide 30 minutes per week of compensatory speech/language services for the 2007-08 school year.

Def. Facts ¶ 16. The hearing officer also found that the Hyde Park Day School was a "proper placement" for Benito where he was doing "very well." Pls. Facts ¶ 13. Hyde Park Day School provided Benito educational and speech services that included 60-90 minutes per week of speech/language therapy, 60 minutes per week of occupational therapy, social work services, assistive technology, and instruction using the Wilson Reading system. Def. Facts Ex. B at 16.

After the hearing, plaintiffs submitted to the Board of Education a claim for attorney's fees in the amount of $58,255.00. Pls. Facts ¶ 19. On October 10, 2007, an IEP team determined that the Hyde Park Day School would be Benito's placement for the 2007-08 school year. *Id.* ¶ 18. The IEP meeting was two months overdue. Pls. Resp. ¶ 17. Plaintiffs claim a supplemental fee claim for work done to secure compliance with the hearing officer's decision. In all, plaintiffs seek $60,091.50 in fees.

## III. ATTORNEY'S FEES UNDER THE IDEA

The parties move for summary judgment on the issue of attorney's fees. The IDEA fee-shifting provision provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B); *see also Linda T. v. Rice Lake Area Sch. Dist.*, 417 F.3d 704, 707 (7th Cir. 2005).

## A. Prevailing Party

A plaintiff prevails when he obtains actual relief on the merits of a claim that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. *Id.* at 708 (citing *Farrar v. Hobby*, 506 U.S. 103, 111-12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). A plaintiff may be considered a prevailing party if he succeeds on any significant issue in litigation which achieves some of the benefit sought in bringing suit. *T.D. v. LaGrange Sch. Dist. No. 102*, 349 F.3d 469, 479 (7th Cir. 2003). The prevailing party inquiry "does not turn on the magnitude of relief obtained." *Linda T.*, 417 F.3d at 708.

Plaintiffs contend they are prevailing parties because the hearing officer found that the Board of Education failed to provide Benito with a free and appropriate public education from June 2004 to December 2006, ordered the Board of Education to reimburse plaintiffs for tuition and transportation costs incurred as a result of their unilateral placement of Benito at Hyde Park Day School, and further ordered compensatory speech services of 30 minutes per week for the 2007-08 school year. The hearing officer granted relief on plaintiffs' principal claims regarding private placement and compensatory services. Therefore, even though plaintiffs did not succeed on every issue, they are prevailing parties. *See, e.g., T.D.*, 349 F.3d at 479-480 (prevailing party need not succeed on every issue, but may prevail on certain significant issues and achieve at least some of benefit sought).

The Board of Education's argument that plaintiffs are not prevailing parties because they rejected a generous settlement offer is flawed. The issue is whether plaintiffs prevailed on their claims in the administrative proceeding, not whether plaintiffs prevailed with respect to a rejected

5

settlement offer. *Cf. Jodlowski v. Valley View Cmty. Unit Sch. Dist. No. 365-U*, 109 F.3d 1250, 1253 (7th Cir. 1997) (citation omitted) (prevailing party must obtain at least some relief on *merits of his claim*). Rejection of the settlement offer therefore has no bearing on whether plaintiffs are prevailing parties.

### B. The Board of Education's Settlement Offer

Nevertheless, the Board of Education argues plaintiffs are statutorily barred from receiving attorney's fees because they rejected a settlement offer more favorable than the relief they obtained from the administrative hearing. Contrary to the Board of Education's assertion, § 1415(i)(3)(D) of the IDEA does not completely bar attorney's fees, but only limits fees to work performed before the written settlement offer is made. The provision prohibits the award of attorney's fees for services performed after the receipt of a written settlement offer only if: (1) the offer is more than ten days before the administrative proceeding begins; (2) the offer is not accepted within ten days; and (3) the court finds that the relief finally obtained by the parents is not more favorable to the parents than the settlement offer. 20 U.S.C. § 1415(i)(3)(D)(i). Additionally, this provision does not apply where a parent is "substantially justified" in rejecting the settlement offer. 20 U.S.C. § 1415(i)(3)(E).

It is undisputed that the Board of Education's rejected settlement offer was made more than ten days before the administrative hearing began. The issue is whether the relief awarded was "not more favorable" than the Board of Education's settlement offer; if not, whether plaintiffs were substantially justified in rejecting the offer.

The settlement offer included a separate day school placement with transportation for two years, completion of an assistive technology evaluation within 30 days (and an IEP meeting to consider the results), and an IEP meeting to implement the placement change. There are two

6

substantive differences between this offer and the relief obtained. First, the Board of Education offered an additional school year of private placement and transportation to an unidentified school. Second, the hearing officer granted weekly 30-minute compensatory speech/language services (for 2007-08) not included in the settlement's offer.

The Board of Education proffers evidence that the cost of private placement and transportation for the 2007-08 school year far exceeds the cost of weekly 30-minute compensatory speech/language services for the 2007-08 school year. Def. Facts ¶¶ 18-23. However, this fact does not demonstrate that the offer was more favorable than the relief obtained. Indeed, the settlement offer was not more favorable than the relief finally obtained.

For one, the offer failed to specify where Benito would be placed. This is significant because the hearing officer's decision affirmed Benito's *specific* placement at the Hyde Park Day School. *See* Def. Facts Ex. B at 16. The hearing officer detailed Benito's progress at the school and noted the specialized services he received there. *Id.* Placement at the Hyde Park Day School in particular was therefore integral to the hearing officer's decision. It is true that the Board of Education could not have offered placement at the school because Benito had not yet been admitted there. However, there is no basis to conclude that a two-year private placement offer at an *unidentified* school was more favorable than Benito's *specific* placement at the Hyde Park Day School. Furthermore, it is unclear whether plaintiffs even sought private placement for more than one year.

Additionally, the settlement offer was not more favorable because it did not provide compensatory services. Those are future educational services awarded as a result of a school district's past failure to provide a free and appropriate public education. *Kevin T. v. Elmhurst Community School Dist. No. 205*, No. 01 C 0005, 2002 WL 433061, at *14-15 (N.D. Ill. Mar. 20,

2002) (Manning, J.) (citation omitted). The hearing officer awarded compensatory speech services to plaintiffs due to the Board of Education's failure to provide Benito a free and appropriate public education. Thus, the settlement offer was not more favorable than the relief finally obtained. Fees are not limited pursuant to § 1415(i)(3)(D)(i). *See, e.g., Mrs. M. v. Tri-Valley Central Sch. Dist.*, 363 F. Supp. 2d 566, 572 (S.D.N.Y. 2002) (fees not limited because prior settlement offer provided slightly less relief than final award).

### C. Reasonableness of the Fee Award

Alternatively, the Board of Education argues plaintiffs' demand for a $60,091.50 lodestar should be significantly reduced because the time billed was excessive and plaintiffs only achieved *de minimus* success. The reasonableness of counsel's hourly rate, $325.00, is undisputed.

The court has discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A reasonable fee is calculated by the lodestar method: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* at 433. In some circumstances, even a plaintiff who formally prevails should receive no attorney's fees at all. *Linda T.*, 417 F.3d at 707. The most critical factor in determining the reasonableness of a fee award "is the degree of success obtained" in relation to the other goals of the lawsuit. *Id.* (citations omitted). While plaintiffs bear the burden of establishing that their fee request is reasonable, *see Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999), the Board of Education must present evidence that plaintiffs' claimed fees were unreasonable. *See Cody v. Harris*, 409 F.3d 853, 860 (7th Cir. 2005).

*1) Excessive Time*

The Board of Education asserts fees should be reduced because they include four classes of largely clerical or duplicative time entries. First, the Board of Education identifies eight similar time entries regarding record requests on June 29, 2006, totaling two hours of work. Plaintiffs respond these were non-clerical requests made to various institutions. Whether or not the requests were clerical, seven of the entries vaguely and duplicatively state that counsel "completed" requests for records. These entries are excessive. The fee award for these entries are reduced by one hour, reducing the lodestar amount to $59,766.50.

Second, the Board of Education argues eight entries regarding preparation of subpoenas and cover letters are excessive. These entries are neither clerical or duplicative because they identify that subpoenas were prepared for different entities along with separate cover letters. Moreover, the entries identify that minimal time – fifteen minutes each – was spent preparing these documents.

Third, the Board of Education objects to entries for counsel's review of documents and witness lists for the seven-day administrative hearing. These entries total 1.25 hours. Time billed for this purpose is not excessive considering that the administrative hearing lasted seven days and involved a number of witnesses, as well as extensive evidence.

Fourth, the Board of Education argues "clerical scheduling entries" on nine different dates (for a total of 4.4 hours) are excessive. These entries include counsel's phone calls, letters, and email exchanges with his client, the Board of Education, and the hearing officer. Although 4.4 hours appears excessive for scheduling tasks, plaintiffs demonstrate that significant time was reasonably spent on scheduling the hearing. The hearing officer indicated that the hearing took place over seven months, and was subject to numerous delays because of the Board of Education's attorney's "extremely full schedule in her new position and difficulty having her supervisor confirm specific

dates." Def. Facts Ex. B. at 2. Due to unique scheduling challenges caused by the Board of Education's counsel, time billed on scheduling will not be reduced.

### 2) *Degree of Success*

Finally, the Board of Education argues that even if the court determines that plaintiffs prevailed in the administrative hearing, fees should be significantly reduced because of plaintiffs' *de minimus* relief. Again, the Board of Education mistakenly compares the relief proposed in its settlement offer with the actual relief obtained.

Plaintiffs prevailed on their most significant claims, namely, placement at the Hyde Park Day School and compensatory speech services. The hearing officer affirmed Benito's unilateral placement at the Hyde Park Day School, where he received specialized speech and occupational therapy services, social work services, and access to assistive technology resources. Additionally, the hearing officer found that compensatory speech services were appropriate given the Board of Education's failure to provide Benito a free and appropriate public education since 2004. Due to these favorable results on significant issues, the relief was not *de minimus*.

The Board of Education correctly points out that plaintiffs did not *completely* succeed on their claims. They were denied one year of weekly speech/language compensatory 30-minute services, reimbursement for independent educational evaluations, weekly occupational therapy compensatory service for 30 minutes for two years; and weekly two-hour tutoring outside school hours by a Wilson Reading certified teacher. Reducing fees devoted to these denied services would be impossible because there is no precise method to parse the time devoted to them. Accordingly, counsel's overall request is reduced by a percentage to account for the degree of success his clients obtained. *See, e.g., T.D. v. La Grange Sch. Dist.*, No. 98 C 207, 2005 WL 483415, at *3 (N.D. Ill.

Feb. 28, 2005) (Zagel, J.) (reducing fee award in proportion to relief obtained even though plaintiff prevailed on significant issues); *John M. v. Bd. of Educ. of Evanston Cmty Consol. Sch. Dist. 65*, No. 01 C 1052, 2004 WL 2973748, at *3 (N.D. Ill. Nov. 29, 2004) (Guzman, J.) (same). Plaintiffs' request for attorney's fees is reduced by 15%, resulting in a $50,801.53 lodestar.

## IV. CONCLUSION

For the reasons stated above, plaintiffs' motion for summary judgment is granted in part and the Board of Education's motion is denied. Plaintiffs are awarded reasonable attorney's fees of $50,801.53.

ENTER:

February 28, 2008

Suzanne B. Conlon
United States District Judge